Lin v. Lynch

BIA
Vomacka, IJ
A087 789 264

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of August, two thousand sixteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge,*
> RICHARD C. WESLEY,
> PETER W. HALL,
> > *Circuit Judges.*

_____

XUE JU LIN,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

15-1614
NAC

_____

FOR PETITIONER:     H. Raymond Fasano, Youman, Madeo & Fasano, LLP, New York, NY.

FOR RESPONDENT:     Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Derek C. Julius, Senior Litigation Counsel; Deitz P. Lefort, Trial Attorney, Office of Immigration Litigation,

United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xue Ju Lin, a native and citizen of the People's Republic of China, seeks review of the April 21, 2015, and October 25, 2013, decisions of the BIA affirming an October 28, 2011, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Ju Lin,* No. A087 789 264 (B.I.A. Apr. 21, 2015, Oct. 25, 2013), *aff'g* No. A087 789 264 (Immig. Ct. N.Y. City Oct. 28, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam). For

2

asylum applications like Lin's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on demeanor, candor, or responsiveness of the applicant" and inconsistencies in an applicant's statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. The adverse credibility determination is supported by substantial evidence.

As an initial matter, the Government is correct that Lin has waived any challenge to the IJ's reliance on her evasive demeanor or her sham marriage because she did not attack these findings in her brief. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146-47 (2d Cir. 2008). Moreover, as the Government argues, Lin failed to exhaust her argument that the BIA conflated abortions and sterilizations in relying on the 2007 State Department Profile of Asylum Claims. The issue presented to the BIA was whether it could take notice of the report at all, not whether it had misinterpreted the report. Therefore, we decline to address this argument. *Lin Zhong v. U.S. Dep't of Justice*, 480

F.3d 104, 107, 121-23 (2d Cir. 2007). In any event, even disregarding the challenge to the report, we conclude that the adverse credibility determination is supported by substantial evidence and is dispositive of Lin's claims for relief.

Lin's failure to challenge the IJ's finding that she entered into a sham marriage to obtain a visa is dispositive of her petition because that finding, standing alone, is sufficient to support the adverse credibility determination. In certain circumstances "a single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence." *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007); *see also id*. at 171 (holding that "even ancillary evidence sometimes supports" the application of *falsus in uno falsus in omnibus* (false in one thing, false in everything)). Lin admitted that she entered into a sham marriage to obtain a visa and immigrate to the United States. This admission shows a propensity to lie to obtain immigration benefits, and the agency reasonably concluded that it cast doubt on the entirety of Lin's claim. This conclusion is supported by the timing of the marriage. Lin entered into the second

4

marriage prior to her second pregnancy (by her first husband). This fact supports the conclusion that she was trying to get into the United States—and was willing to lie to do so—before the alleged forced sterilization. The IJ had grounds, therefore, to conclude that she would continue to lie in her asylum application. *Siewe*, 480 F.3d at 170.

Moreover, Lin's credibility was further called into question by her inconsistent testimony regarding the sterilization. Lin initially testified that she was forcibly sterilized after she gave birth to her second child. Later, however, she testified that, after the birth of her second child, family planning officials forced her to undergo an IUD insertion. The IJ was not required to credit Lin's explanation that she misspoke: the translator confirmed the answer, and the questions Lin was asked were simple and referred to her testimony, given immediately before, that she had been sterilized. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). In addition, the fact that Lin submitted medical evidence from a U.S. doctor to confirm that she was sterilized does not mitigate the impact of this inconsistency. The medical evidence does not confirm when the sterilization

5

occurred or whether it was voluntary or involuntary, and provides no explanation for Lin's testimony regarding an IUD.

Given the undisputed findings that Lin engaged in marriage fraud and that she was evasive when questioned about her marriage, as well as the discrepancy concerning what happened to her in China (an IUD insertion or sterilization), the "totality of the circumstances" supports the agency's adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Accordingly, because Lin's claim relied on her credibility, the agency did not err in denying asylum, withholding of removal, and CAT relief because all three forms of relief were based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk